UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL KILPATRICK,<br>No. 226818, | )<br>)<br>) | |
| Plaintiff, | )<br>) | No. 3:16-cv-01840<br>Chief Judge Sharp |
| v. | )<br>) | |
| JAMES O'ROUKE, *et al.*, | )<br>) | |
| Defendants. | ) | |

## **M E M O R A N D U M**

Plaintiff Michael Kilpatrick, a pre-trial detainee currently in the custody of the Rutherford County Sheriff's Department in Murfreesboro, Tennessee, has filed a *pro se, in forma pauperis* complaint pursuant to 42 U.S.C. § 1983, against Rutherford County Deputy Sheriff James O'Rourke, Dr. f/n/u Rudd, Rutherford County Sheriff Robert Arnold, Dr. Melissa Foster, and Dr. Kennith (Ken) Tucker, alleging violations of the plaintiff's civil rights. (Docket No. 1). As relief, the plaintiff seeks damages and asks that O'Rourke be reprimanded for his actions. (*Id*. at p. 8).

The plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.    PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* §

1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.    Section 1983 Standard

The plaintiff brings his claim pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983,

the plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

**III.    Alleged Facts**

The complaint alleges that, on an unspecified date, while the plaintiff was driving with his three children in the backseat of his vehicle, Rutherford County Deputy Sheriff James O'Rourke shot the plaintiff, who was unarmed at the time. According to the complaint, the plaintiff sustained injuries.

Although it is not clear from the complaint, the plaintiff presumably was detained and/or arrested after being shot, and is now a pre-trial detainee in the custody of the Rutherford County Sheriff's Office. The complaint alleges that Dr. f/n/u Rudd of Rudd Medical, presumably the entity responsible for providing medical care to inmates of the Rutherford County Sheriff's Office, refused to perform surgery on the plaintiff after he was shot because of the cost of the procedure. As a result of the defendants' failure to perform the needed surgery on the plaintiff, the complaint alleges that the plaintiff's abilities are now limited. Additionally, according to the complaint, Drs. Melissa Foster and Ken Tucker of Rudd Medical "won't furlough" the plaintiff "to take care of this critical medical problem." (Docket No. 1 at pp. 6-7).

**IV.    Analysis**

First, the complaint specifically seeks damages for "pain and suffering for [the plaintiff's] children['s] tramatic [sic] experience they went through . . . ." (Docket No.1 at p. 8). However, the plaintiff, who is acting *pro se* in this action, cannot assert the claims of others in his complaint. "Although 28 U.S.C. § 1654 provides that 'in all courts of the United States the parties may plead

3

and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Sheperd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998)("In federal court a party can represent himself or be represented by an attorney, but cannot be represented by another nonlawyer."). The plaintiff does not allege that he is a licensed attorney. Therefore, any claims that the plaintiff seeks to raise in his complaint regarding his three children's interests must be dismissed. However, the dismissal of any such claims will be without prejudice to the children's ability to pursue these claims using the services of a licensed attorney.

Next, with regard to the plaintiff's claims against Rutherford County Sheriff Robert Arnold, the complaint names Arnold as a defendant in his official capacity only. (Docket No. 1 at p. 2). A suit against Arnold in his official capacity is a suit against Rutherford County, Tennessee. However, while Rutherford County is a suable entity, it is responsible under § 1983 only for its "own illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions." *Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) (internal citations and quotation marks omitted). A municipality may be liable under § 1983 "only if the challenged conduct occurs pursuant to a municipality's 'official policy,' such that the municipality's promulgation or adoption of the policy can be said to have 'cause[d]' one of its employees to violate the plaintiff's constitutional rights." *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014)(quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978)).

"Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 131 S. Ct. at 1359. Thus, to state a municipal liability claim, a plaintiff must

adequately allege "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

The inadequacy of police training only serves as a basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. *Slusher v. Carson*, 540 F.3d 449, 457 (6th Cir. 2008). To establish deliberate indifference, the plaintiff may show prior instances of unconstitutional conduct demonstrating that the governmental entity has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury. *Id.*; *see also Gregory v. City of Louisville*, 444 F.3d 725, 752-53 (6th Cir. 2006). In the alternative, where the constitutional violation was not alleged to be part of a pattern of past misconduct, a supervisory official or a municipality may be held liable only where there is essentially a complete failure to train the police force or training that is so reckless or grossly negligent that future police misconduct is almost inevitable or would properly be characterized as substantially certain to result. *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir.1982).

Here, the complaint alleges that Sheriff Arnold "is responsible for having an non qualified deputy." (Docket No. 1 at p. 6). The complaint further alleges that Arnold's deputy sheriff used deadly force against the plaintiff when such force was unnecessary and the use of such force risked the lives of three children in close proximity to the target of the shooting. (*Id*.) At this early stage of the proceedings, the complaint's allegations, which ultimately may prove to be untrue, deserve further development. Read generously, the *pro se* complaint alleges that Sheriff Arnold's

5

inadequate training or supervision of a deputy sheriff under Arnold's command caused or contributed to the alleged violation of the plaintiff's civil rights, *i.e.*, an unarmed father being shot while driving a car with three children in the backseat. Consequently, the court finds that the complaint states a colorable § 1983 claim against Rutherford County in this regard.

Next, the complaint alleges a claim of excessive force against defendant O'Rourke, the deputy sheriff who allegedly shot the plaintiff. The legal status of a victim of excessive force is significant because the conduct of the offending officer must be analyzed under the standard appropriate to the applicable constitutional provision. *See Coley v. Lucas County, Ohio,* 799 F.3d 530, 538 (6th Cir. 2015). The Supreme Court has recently clarified that when assessing pretrial detainees' excessive force claims we must inquire into whether the plaintiff shows "that the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, ___ U.S. ___, 135 S. Ct. 2466, 2473 (2015)). The inquiry is highly fact-dependent, and must take into account the "perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* It should also account for "the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,'" *id*., and defer when appropriate to "'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 540 (1979)). The Court further instructs:

> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the

6

plaintiff was actively resisting.

*Id.* This list is not exclusive. *Kingsley* also reaffirms that pretrial detainees cannot be subjected to "the use of excessive force that amounts to punishment," *id.* (quoting *Graham*, 490 U.S. at 395 n. 10, 109 S. Ct. 1865) precisely because they "cannot be punished at all," *id*. at 2475. In light of this Fourteenth Amendment standard and the facts alleged in the complaint, the complaint states a colorable excessive force claim against O'Rourke in his individual capacity under § 1983.

Finally, the complaint alleges § 1983 claims against Drs. Rudd, Foster, and Tucker for denying medical treatment to the plaintiff for the injuries sustained as a result of the bullet wound. The Eighth Amendment of the United States Constitution imposes an obligation to provide prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. *Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984).

In order to state an Eighth Amendment violation, a prisoner must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference requirement is satisfied when an official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)(citing *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004)). "The failure to address a serious medical need rises to the level of

a constitutional violation where both objective and subjective requirements are met." *McCarthy v. Place*, 313 Fed. Appx. 810, 814 (6th Cir. 2008). "The objective component requires an inmate to show that the alleged deprivation is 'sufficiently serious'" and 'that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000)(quoting *Farmer*, 511 U.S. at 834). "To satisfy the subjective component, an inmate must show that prison officials had 'a sufficiently culpable state of mind.'" *Id.* Claims of negligence are insufficient to entitle a plaintiff to relief. *See Farmer,* 511 U.S. at 835.

Delays in providing medical care may give rise to a violation of a prisoner's rights under the Eighth Amendment. Such delays do not rise to the level of a constitutional violation unless a plaintiff complains that he suffered a detrimental effect to his health as a consequence of the alleged delay. *Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005)(citing *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001)).

Here, the complaint alleges that the plaintiff's injuries from the bullet wound inflicted by a Rutherford County sheriff's deputy constitute a "serious medical need" requiring medical treatment which the defendant doctors have refused to provide due to the cost of the needed surgery. Moreover, the complaint alleges that the doctors' failure to perform the surgery has caused the plaintiff to suffer a detrimental effect to his health. Therefore, the court finds, as to Drs. Rudd, Foster, and Tucker, the complaint states Eighth Amendment claims upon which relief can be granted pursuant to § 1983.

The court notes that, after filing his complaint, the plaintiff submitted a document to the court entitled "Prisoner Civil Rights Violation" which includes additional information relevant to this

action which the plaintiff did not include in his original complaint, such as the date of the alleged events and the medical treatment provided by the defendant doctors for the plaintiff's bullet wound. (Docket No. 5). The court has not considered this document herein for purposes of the required PLRA screening.[1]

## V. Conclusion

As set forth above, the court finds that the complaint states colorable claims pursuant to § 1983 as follows: claims against Rutherford County, Tennessee, based on inadequate training and/or supervision, against O'Rourke in his individual capacity based on his use of excessive force; and against Drs. Rudd, Foster, and Tucker based on their failure to provide needed medical treatment to the plaintiff after he was shot by O'Rourke. 28 U.S.C. § 1915A. These claims survive the required PLRA screening. However, the plaintiff cannot recover any damages on behalf of his children's alleged emotional injuries.

An appropriate order will be entered.

Kevin H. Sharp
Chief United States District Judge

---

[1] If the plaintiff intends his "Prisoner Civil Rights Violation" document (Docket No. 5) to be treated by the court as an amended complaint, the plaintiff must state his intention clearly. At this time, the court is not inclined to *sua sponte* construe the document as an amended complaint because, while the plaintiff appears to have used a form complaint for portions of the document, there is no "requested relief" section which appears in the plaintiff's original complaint.