IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL KILPATRICK )
)
v. ) NO: 3:16-1840
)
JAMES O'ROURKE, et al. )

TO: Honorable Kevin H. Sharp, Chief District Judge

# REPORT AND RECOMMENDATION

By Order entered August 3, 2016 (Docket Entry No. 9), the Court referred this civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Michael Kilpatrick ("Plaintiff") filed this action *pro se* and *in forma pauperis* on July 14, 2016, while a pretrial detainee in the custody of the Rutherford County Sheriff's Department in Murfreesboro, Tennessee. He alleges that on an unspecific date, he was shot by a Rutherford County Sheriff's Department Deputy and sustained injuries. He further alleges that he has been denied medical care for these injuries while confined as a pretrial detainee.

In the Order of referral, the Court found that Plaintiff stated arguable claims under 42 U.S.C. § 1983 for violations of his federal constitutional rights and directed that the Clerk send Plaintiff service packets for five of the named Defendants. Plaintiff was to complete the packets and return them to the Court within twenty-eight (28) days of his receipt of the Order so that process could issue to Defendants. The docket reflects that Plaintiff received the August 3, 2016, Order, but failed to return completed service packets. By Order entered November 2, 2016 (Docket Entry No. 13), the

Court denied Plaintiff's request for the appointment of counsel and advised Plaintiff that his lawsuit might be dismissed if he failed to return completed service packets to the Clerk's Office as he was directed to do in the prior Order.

Rule 4(m) of the Federal Rules of Civil Procedure requires that Defendants be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. It is also well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980).

Plaintiff's failure to return service packets to the Court has caused this action to lay dormant for several months. Because process has not been served upon Defendants within the time required by Rule 4(m), dismissal of this action is required.[1]

## RECOMMENDATION

The Court respectfully RECOMMENDS this action be DISMISSED WITHOUT PREJUDICE in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to dismiss this action, and the fourteen day period for filing objections provides him with the opportunity to show good cause why this action should not be dismissed.

portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                        Respectfully submitted,

                                        BARBARA D. HOLMES
                                        United States Magistrate Judge