IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL KILPATRICK          )
                                     )
      v.                       )      NO: 3:16-1840
                                     )
JAMES O'ROURKE, et al.         )

TO: Honorable Terrence G. Berg, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered August 3, 2016 (Docket Entry No. 9), this *pro se* and *in forma pauperis*

action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § § 636(b)(1)(A)

and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court are motions for summary judgment filed by Defendants

Robert Arnold (Docket Entry No. 47), Rudd Medical Services, P.L.C., John Daniel Rudd, and

Kenneth Tucker (Docket Entry No. 51), Melissa Foster (Docket Entry No. 58), and James O'Rourke

(Docket Entry No. 61). Plaintiff has not responded to the motions. For the reasons set out below,

the undersigned Magistrate Judge respectfully recommends that the motions be granted and that this

action be dismissed as to all claims and Defendants.[1]

---

[1]Also pending are three motions of various Defendants to compel discovery responses from
Plaintiff. *See* Docket Entry Nos. 65, 66 and 67. If this Report and Recommendation is adopted, and
summary judgment granted to Defendants, those motions will be rendered moot. If this Report and
Recommendation is not adopted, the undersigned Magistrate Judge will dispose of the motions to
compel in due course.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Michael Kilpatrick ("Plaintiff") is a pre-trial detainee within the custody of the Rutherford County, Tennessee Sheriff's Office ("RCSO"). He is currently confined at the Rutherford County Detention Center ("Detention Center") in Murfreesboro, Tennessee. He filed this action *pro se* and *in forma pauperis* on July 14, 2016, seeking monetary and other relief under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. *See* Complaint (Docket Entry No. 1). Although not filed as an amended complaint, Plaintiff supplemented the allegations of the Complaint with a subsequent filing styled as "Prisoner Civil Rights Violation." *See* Docket Entry No. 4.

Plaintiff alleges that, on March 6, 2016, he was driving his car with his three children in the backseat when police officer James O'Rourke ("O'Rourke") shot him in the left shoulder after Plaintiff failed to stop his car when O'Rourke tried to halt the car. Plaintiff alleges that he suffered serious injuries and was also subjected to excessive force by unnamed officers after the shooting.[2] Plaintiff contends that O'Rourke used unnecessary force against him and acted without regard for the safety of the children who were in the car. Plaintiff also contends that O'Rourke's actions occurred because Robert Arnold, the Rutherford County Sheriff at the time, failed to properly train the employees of the RCSO.

Plaintiff asserts that he was airlifted to Vanderbilt University Medical Center after the shooting, where doctors concluded that he needed surgery on his shoulder because a bullet had broken his collar bone. Plaintiff was thereafter detained at the Detention Center. He alleges that he has not been provided with proper medical care for his injuries and has been given only an extra

---

[2] O'Rourke is not alleged to have been one of the officers who used force against Plaintiff after the shooting.

mattress and Ibuprofen. He alleges that he has been denied a needed surgery because of the cost of the surgery and that, as a result of being denied the surgery, his "abilities" are now limited. Plaintiff attributes the lack of medical care to the actions of Rudd Medical Services, P.L.C. ("Rudd Medical"), a company that provides medical care to inmates at the Detention Center, and to Dr. John Daniel Rudd ("Rudd"), nurse practitioner Melissa Foster ("Foster"), and nurse Kenneth Tucker ("Tucker"), who are medical care providers at the Detention Center.

Upon initial review of the lawsuit under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court found that Plaintiff asserted arguable claims that his constitutional rights had been violated and ordered that process issue to: 1) Officer O'Rourke in his individual capacity on a claim of the use of unconstitutional force; 2) Rutherford County, Tennessee, as sued via the claims against Sheriff Arnold in his official capacity,[3] on a claim of inadequate training and/or supervision; and, 3) Rudd, Foster, and Tucker on a claim of inadequate medical care. *See* Order and Memorandum entered August 3, 2016 (Docket Entry Nos. 8 & 9).

Plaintiff's motion for the appointment of counsel was denied by Order entered November 2, 2016 (Docket Entry No. 13), and, upon Defendants' filing of answers, a scheduling order was entered that provided deadlines for discovery and pretrial activity in the case. *See* Docket Entry No. 39. In addition to their pending motions for summary judgment, Defendants Foster, Rudd, Tucker, and Rutherford County have filed motions to compel Plaintiff to respond to their discovery requests. *See* Docket Entry Nos. 65, 66, and 67. Plaintiff has not responded to these motions.[4]

---

[3] Sheriff Arnold was not named in the lawsuit in his individual capacity.

[4] See n.1.

## II. MOTIONS FOR SUMMARY JUDGMENT

Defendant O'Rourke does not dispute firing three shots at Plaintiff on the night in question, but he contends that the undisputed facts show that his use of force was objectively reasonable under the circumstances and was, thus, constitutionally permissible. O'Rourke asserts that the undisputed facts show that: 1) he and other officers responded to a radio dispatch report about a possible domestic assault in progress at a Murfreesboro hotel and a male subject driving recklessly in the hotel parking lot with children in the vehicle, children whom he had threatened to kill; 2) Plaintiff fled in his car from the responding officers and an ensuing car chase occurred; 3) Plaintiff rammed a police car with his vehicle during the chase and rammed O'Rourke's car with his vehicle when O'Rourke attempted to block the path of Plaintiff's car; 4) Plaintiff eventually briefly stopped his car, which was surrounding by O'Rourke and other officers; and, 5) Plaintiff put his car in reverse, slamming into another police vehicle, then began to accelerate his car toward an area of bystanders and a police officer. O'Rourke, who was positioned near the driver's side door of Plaintiff's car, asserts that these events caused him to reasonably believe that using potentially deadly force against Plaintiff was necessary to protect the lives and well-being of other persons and that he discharged his weapon toward Plaintiff, striking Plaintiff and leading to his apprehension by the officers. O'Rourke supports his motion with his own declaration. *See* Docket Entry No. 61-1.

Defendant Rutherford County contends that Plaintiff's inadequate training claim warrants dismissal because the undisputed facts show that O'Rourke was an officer employed by the City of Murfreesboro Police Department and was not an employee of Rutherford County at the time of the events at issue. As such, Rutherford County argues that there is no factual support for a claim of

municipal liability against it based on a theory that it failed to adequately train Officer O'Rourke in a manner that caused the alleged excessive use of force by O'Rourke. In support of its motion, Rutherford County relies upon the affidavit of RCSO Major Steve Spence. *See* Docket Entry No. 48-1.

In separately filed motions for summary judgment, Defendants Rudd Medical, Rudd, and Tucker, and Defendant Foster (hereinafter referred to collectively as "the Health Care Defendants") contend that the undisputed evidence shows that Plaintiff was provided with appropriate and constitutionally adequate medical care at the Detention Center for his shoulder injury, including: 1) two post-operative visits with Vanderbilt University medical staff; 2) several off-site physical therapy sessions; 3) having numerous physical therapy exercise sessions at the Detention Center; and 4) regular exams and treatment by the medical staff at the Detention Center. The Health Care Defendants further contend that Plaintiff has offered no evidence supporting his claim that he was denied a surgery for his shoulder and no evidence showing that any of them acted in a manner that was deliberately indifferent to Plaintiff's serious medical needs. They also argue that the undisputed evidence shows that Plaintiff unilaterally ceased attending physical therapy sessions at the Detention Center in late 2016 and early 2017, facts which weigh against any assertion that he was treated with deliberate indifference. In support of their motions, the Health Care Defendants rely upon the affidavits of Rudd (Docket Entry No. 51-1), Tucker (Docket Entry No. 51-2), and Foster (Docket Entry No. 56).

By several orders, Plaintiff was notified of the motions for summary judgment, advised of the need to respond, and warned that his failure to file a response could result in the dismissal of his case. *See* Orders August 22, 2017 (Docket Entry No. 54); September 6, 2017 (Docket Entry No. 57);

and September 15, 2017 (Docket Entry No. 64).  Plaintiff was given a final deadline of October 13, 2017, to file his responses.  To date, Plaintiff has not filed a response of any type to the motions for summary judgment.

### III.  STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Rule 56(a) of the Federal Rules of Civil Procedure.  *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial."  *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000).  The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion."  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party.  *Anderson*, at 249-50.  "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint."  *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991).  The party opposing the motion for summary judgment may not rely solely on

the pleadings but must present affirmative evidence supporting the claims asserted by the party. *See Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003); *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003).

## IV. ANALYSIS

Defendants have set forth evidence and sound legal arguments showing that there is no factual or legal support for Plaintiff's claims. Plaintiff has not rebutted Defendants' supporting evidence and arguments or presented any supporting evidence. In the face of Defendant's affirmative evidence, Plaintiff cannot merely rest on the allegations contained in his pleadings, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323-24; *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). Although Plaintiff's status as a *pro se* litigant requires the Court to view his filings with some measure of liberality, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the Court cannot supply or assume facts supporting Plaintiff's case and is not required to make legal arguments on his behalf. *See Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012). *See also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992) ("it seems to us utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion."). In the end, Plaintiff has not produced evidence that would permit a reasonable jury to find

in his favor on any of the claims that he has brought against Defendants. Accordingly, Defendants are entitled to summary judgment in their favor.

Defendant O'Rourke has set forth undisputed evidence showing that his use of potentially deadly force against Plaintiff was objectively reasonable under the circumstances of the events at issue. The Fourth Amendment protects individuals from having excessive force used against them while being arrested. *Graham v. Connor*, 490 U.S. 386, 394-95, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Lyons v. City of Xenia*, 417 F.3d 565, 575 (6th Cir. 2005). However, the mere fact that some measure of force was used is not *per se* evidence of a constitutional violation. *Graham*, 490 U.S. at 396. The touchstone question is the reasonableness of the challenged actions. This inquiry is an objective one: were the officer's actions objectively reasonable in light of the facts and circumstances confronting the officer, without regard to the officer's underlying intent or motivation. *Graham*, 490 U.S. at 397.

In light of these legal principles, there is no evidence before the Court supporting a claim that Defendant O'Rourke used unconstitutional force against Plaintiff. Certainly, O'Rourke's use of a gun against Plaintiff was a significant use of force that cannot be viewed lightly. *See Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). However, the undisputed evidence shows that Plaintiff had threatened to kill the children in his car and had rammed several police cars with the car he was driving during a police chase. He posed an immediate and serious threat to the safety of children, bystanders, and police officers by his actions and was involved in actively resisting and evading arresting by flight and by force through the use of his car as a battering ram. Even when viewed in the light most favorable to Plaintiff as the non-moving party, the evidence shows a set of circumstances that would justify an officer in the use of potentially deadly force against Plaintiff.

*See Hocker v. Pikeville City Police Dep't*, 738 F.3d 150, 154-56 (6th Cir. 2013); *Williams v. City of Grosse Pointe Park*, 496 F.3d 482, 485-88 (6th Cir. 2007). There is no evidence before the Court supporting a reasonable conclusion that the use of force by Defendant O'Rourke was objectively unreasonable or exceeded the scope of what was necessary given the circumstances of the situation at hand.

With respect to Defendant Rutherford County, the undisputed evidence shows that O'Rourke was not an employee of Rutherford County. Thus, there is no factual basis for a claim that Rutherford County failed to train O'Rourke, let alone failed to train him in a manner that supports a finding of constitutional liability against Rutherford County.

Plaintiff's inadequate medical care claim against the Health Care Defendants also suffers from a lack of evidentiary support. The government has a constitutional obligation to provide medical care to prison inmates, and "deliberate indifference to the serious medical needs" of an inmate violates this constitutional protection. *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A claim for deliberate indifference to a prisoner's serious medical needs has both a subjective and an objective component. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). To satisfy the objective component, Plaintiff must show that he had a "sufficiently serious" medical need. *Comstock*, 273 F.3d at 703. For the subjective component, Plaintiff must demonstrate that the official sued had a sufficiently culpable state of mind, in other words, that the official acted with "deliberate indifference" to Plaintiff's serious medical need. *Farmer*, 511 U.S. at 834.[5]

---

[5] It is unclear from the record whether Plaintiff has remained a pretrial detainee during his confinement at the Detention Center or whether he was convicted of criminal charges at some point after entering the Detention Center. As a pretrial detainee, his constitutional rights regarding medical

The undisputed evidence shows that Plaintiff's medical needs related to his shoulder injury were not ignored at the Detention Center and that he was provided with constitutionally adequate treatment consistent with these needs. There is no evidence that he was denied a surgery for his shoulder or denied any other form of medically prescribed or medically necessary treatment. To the contrary, the undisputed evidence set forth by the Healthcare Defendants shows that Plaintiff was provided with various forms of medical care over the span of several months related to treatment of his shoulder injury. Although the care Plaintiff received at the Jail may not have been the same as the care he might have received had he not been incarcerated and had he sought treatment on his own from private medical care providers, the Constitution does not guarantee Plaintiff receive the "optimum or best medical treatment." *Ruiz v. Estelle*, 679 F.2d 1115, 1149 (5th Cir. 1982); *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978). Plaintiff has not shown any factual basis for a conclusion that he was denied treatment at the Detention Center. Furthermore, Plaintiff has not offered any evidence showing specific action or inaction on the part of any of the Healthcare Defendants that could reasonably be deemed to amount to deliberate indifference to his serious medical needs.

---

care would arise from the Due Process Clause of the Fourteenth Amendment, not from the Eighth Amendment protections provided to a convicted prisoner. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983); *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001). Regardless of what constitutional provision provides the foundation for his inadequate medical care claim, the applicable standard governing the claim is the same. *See Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 776 (6th Cir. 2012); *Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir.2005); *Watkins*, *supra*.

# RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge respectfully RECOMMENDS that the motions for summary judgment of Defendants Robert Arnold (Docket Entry No. 47), Rudd Medical Services, P.L.C., John Daniel Rudd, and Kenneth Tucker (Docket Entry No. 51), Melissa Foster (Docket Entry No. 58), and James P. O'Rourke, III (Docket Entry No. 61) be GRANTED and that this action be DISMISSED WITH PREJUDICE as to all claims and Defendants.[6]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

[6] See n.1.